FRANK COPPOLETTI, and Another v. CITIZENS
INSURANCE COMPANY OF MISSOURI.[1]

November 7, 1913.

Nos. 18,284—(78).

**Charge to jury.**
> Instructions of the trial court to the jury considered, and *held* to be without any error justifying the granting of a new trial.

Action in the district court for St. Louis county to recover $1,350 upon defendant's policy of insurance against fire.   The case was

----

[1] Reported in 143 N. W. 787.

tried before Dancer, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Reversed.

*Hugh J. McClearn* and *Varger & Hicks,* for appellant.

*John Jenswold,* for respondent.

BUNN, J.

This is an action to recover the amount of a loss under a policy of fire insurance. The issue made by the pleadings was whether subsequent insurance procured by plaintiff in excess of the amount permitted by the policy was consented to or waived by defendant. The jury returned a verdict for the defendant. The trial court granted plaintiff's motion for a new trial, basing its order on what it considered error in its instructions to the jury. Defendant appealed from the order granting a new trial.

The trial court said in its memorandum that the verdict rendered was amply supported by the evidence, but was of the opinion that it was prejudicial error to instruct the jury in substance that, in order to find for the plaintiff, they must find that defendant consented to the additional insurance, *and also* waived the provisions of the policy prohibiting it. In other words the position of the court on the motion for a new trial, and the position of counsel for plaintiff at all stages of the case, was that "consent" and "waiver" were separate and distinct issues, that plaintiff was entitled to recover if defendant *consented* to the additional insurance, *or* if it waived the policy provisions prohibiting such insurance.

The complaint alleged the procuring of the additional insurance by plaintiff, and that *thereafter* defendant with full knowledge consented thereto, and elected to treat the policy as a subsisting and valid contract, continuing to receive the monthly instalments of the premium, "and it did thereby with such full knowledge and its said action waive its right to insist upon the provision in its said policy against procuring subsequent insurance upon said property, and it is now barred and estopped from having or making the procuring of such subsequent insurance a defense herein." The answer denied these allegations, in substantially the words of the complaint.

We are unable to escape the conclusion that the trial court was wrong in setting aside the verdict on the ground stated in its memorandum.

The policy permitted concurrent insurance on the building to an amount not exceeding its insurable value, stated to be $1,550. It was in the standard form, and contained the provision that it should be void "if the assured now has or shall hereafter make any other insurance on the said property, without the assent of the company." It was conceded that plaintiff, after the policy was issued, procured other insurance on the property in excess of its insurable value as agreed upon. There was no attempt to plead or prove that defendant's agent either expressly or by implication "consented" or "assented" to the procuring of this other insurance before it was actually taken. The evidence was directed to the question of the agent's knowledge that plaintiff had procured the additional insurance, and to his conduct as indicating his acquiescence, and his waiver of the policy provisions.

It seems to us that there was no issue of "consent" in the case. The issue was waiver. Any consent or "assent," given after the additional insurance was actually procured, would be evidence of waiver. Any words of the agent indicating his assent or acquiescence, and conduct of his inconsistent with the idea that the policy was void, would be evidence on the issue of waiver. But we are not able to hold that there were two independent and distinct issues raised by either the pleadings or the proof. The question for the jury was whether defendant's agent, with knowledge that plaintiff had procured other insurance in violation of the policy, waived the forfeiture. This was really the only question submitted to the jury by the instructions of the court, and it was clearly and correctly submitted. In so far as the court used the word "consent" in its charge, it was used as indicating a means or method of waiving the forfeiture, rather than as making a separate issue. From the charge as a whole we are unable to see how the jury could understand that plaintiff, in addition to proving a waiver, must prove consent. It is difficult for men accustomed to make nice distinctions in the meaning of words to comprehend any difference between consent and waiver as applied to words or actions of the agent after the additional insurance had

been procured. We think it clear that any such distinction would not be seen by the jury, under the instructions in this case. The instruction decided by the trial court to be erroneous and prejudicial was this:

"If you find that he (the agent) did have such knowledge of this additional insurance before the fire, you will then proceed to determine whether, acting for his company, he consented to such insurance *and* waived the breach of the contract involved in the procurement of it."

Even granting that there was slight inaccuracy in using "and" instead of "or," this instruction only tells the jury to consider whether the agent consented to the insurance and waived the forfeiture. It does not, even taken by itself, tell the jury that they must find both consent and waiver. Nor is defendant's fourteenth request, given by the court, open to the objection that it conveys the idea that, to find for the plaintiff, there must be both consent and waiver. This request instructed the jury that if they found from the evidence that defendant *did not consent* to the additional insurance *and* did not waive the provisions of the policy, plaintiff could not recover. In other words, if defendant did consent, *or* did waive, plaintiff could recover. We are satisfied that the conscientious and praiseworthy desire of the trial court to correct any possible errors of its own led it to discover error and prejudice where none really existed. The jury were told, in language so clear that it could not be misunderstood, that if defendant waived the forfeiture by the words or conduct of its agent, plaintiff was entitled to a verdict. The following instructions defined the issue clearly, and must have made it perfectly plain to the jury:

"A waiver may be said to be a voluntary relinquishment of a known right. It need not be by word of mouth and it need not be in writing. It may be consent expressly or impliedly given. It may consist in the doing of some act which is inconsistent with an intention to insist on a strict performance—or in a course of conduct inconsistent with and in disregard of the terms of the contract. The plaintiff claims that Mr. Carley waived such breach if, with knowledge of the additional insurance, he expressed to the plaintiff his consent

thereto; and if, with such knowledge, he did express his consent thereto to the plaintiff then as a matter of law he did thereby consent to the additional insurance and waived the breach of the condition involved in procuring it. He waived it also if, with such knowledge, he elected to and did treat and recognize the policy of insurance as a subsisting and valid contract."

This instruction clearly makes waiver the only issue in the case. It is a correct and comprehensive statement of the law.

The effort to sustain the order granting a new trial on the ground that the court refused to give certain instructions requested by plaintiff is unavailing. No exception was taken to the refusal to give any of these requests, nor was any error in this regard assigned on the motion for a new trial.

There was no error in giving defendant's third request. It was correct that procuring the additional insurance, unless consented to, ipso facto avoided the policy, and that the mere failure to cancel the policy after knowledge of such insurance did not justify a conclusion that defendant had elected to continue the policy in force.

It is claimed that the court erred in conveying to the jury the idea that the secret intention of the agent was material. The charge is not fairly open to this objection.

After a careful scrutiny of the instructions given, we feel satisfied that there was no error, and nothing to confuse or mislead the jury. Concededly the verdict has ample support in the evidence. We think it ought to have been allowed to stand.

The order granting a new trial is reversed with directions to enter judgment on the verdict.